Ruffin, Judge
 

 The action against a fraudulent vendee of goods as executor
 
 de son tort,
 
 when there is a rightful executor or administrator, is contrary to the analogy of the law of other cases, and is given only from necessity. It supposes, that the creditor cannot obtain satisfaction from the rightful representative ; and therefore gives this mode of impeaching the fraudulent conveyance, because there is no other, and without some, the creditor would be entirely defeated. I do not mean, that the creditor must shew that he has first sued the true executor, and has been unable to fix him with assets. He may sue the fraudulent grantee first, but then he runs the risk of' losing his suit, because the conveyance was not fraudulent, the donor or vendor not being indebted at the time of his conveyance, or not to an extent that could reasonably impeach his gift as being made with a view of defeating an existing debt, or one that he was about to contract. Where, therefore, there are assets in the hands of the creditor, there is neither a necessity that the creditor should, nor a pro-bility that he will, sue the donee. And where the executor has been sued and fixed with assets, there seems to be no reason for allowing the action against the donee at all; for there is no necessity for it. The creditor obtains satisfaction without,; and the deed which is good between the parties, injures nobody ; for the goods convoyed to the donee could not be chargeable to the executor as assets, and therefore those found are exclusive of those goods. Much more does it seem to be proper, that upon such a judgment against the exeeutor, the goods of the donee should' not be taken in execution.
 
 *441
 
 The verdict shows that there are other assets in the proper hands to satisfy the judgment. -And I cannot conceive a motive for this proceeding, unless it was a contrivance between
 
 Cox
 
 and
 
 Robertson,
 
 for the latter to confess assets, when he had none, in order to defeat the conveyance to the plaintiff, and deprive him of the property, without first trying the question of title. Besides as the judge properly said in the Superior Court, there is another reason for trying that question directly in a suit against the donee ; which is, that lie may have paid the value to other creditors, and ought to be allowed for it. It seems to me that to sustain the proceeding would be to call forth actual fraud, to counteract one that was only probable, or merely alleged without foundation in fact. It would cause many administrations to be taken out, for no other reason than that of putting one claiming under a conveyance, to the disadvantage of being deprived of property without a trial first had
 
 ;
 
 of being a plaintiff instead of a defendant.
 

 Pur Curiam. — Judgment affirmed'.